IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DENNIS NELSON,

                  Plaintiff,        Civil Action No.
  v.                                    9:05-CV-1096 (NAM/DEP)

Mr. LEE, *et al.*,

                  Defendants.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

DENNIS NELSON, *Pro Se*

FOR DEFENDANTS:

HON. ANDREW M. CUOMO         STEPHEN H. SCHWARTZ, ESQ.
Attorney General of                Assistant Attorney General
the State of New York
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    Plaintiff Dennis Nelson, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, has commenced this action pursuant to 42 U.S.C. § 1983 alleging deprivation of his civil rights. In his

complaint the plaintiff, an active litigator who is no stranger to this and other federal courts, having initiated a myriad of legal proceedings since the onset of his incarceration, alleges that prison officials were deliberately indifferent to his serious medical needs, based upon their failure to properly treat a lower left leg condition and provide him with necessary pain medication.[1]  In his complaint, plaintiff seeks recovery of $225.5 million in compensatory and punitive damages.

Currently pending before the court is a motion by the defendants seeking revocation of plaintiff's *in forma pauperis* ("IFP") status and conditional dismissal of his complaint under 28 U.S.C. § 1915(g), absent his prepayment in full of the applicable filing fee.  Defendants' motion is predicated upon the dismissal of three or more such inmate civil rights actions previously brought by the plaintiff, but found to be lacking in palpable merit.  Plaintiff has not opposed defendants' motion.

Because I agree that plaintiff is subject to the three strikes provision of section 1915(g), and has not established a basis to invoke the imminent danger exception to that rule, I recommend that defendants' motion be

---

[1]   A search of relevant indices reflects plaintiff's filing of at least fifty separate actions within the districts comprising the Second Circuit since November of 1996. *See* Defendants' Motion (Dkt. No. 40) Exh. A.

2

granted.

I. BACKGROUND

Plaintiff is a prison inmate entrusted to the custody of the New York State Department of Correctional Services ("DOCS"); at the times relevant to his constitutional claims, plaintiff was confined within the Clinton Correctional Facility ("Clinton") located in Dannemora, New York. *See generally* Complaint (Dkt. No. 1). In his complaint, plaintiff alleges principally that while confined at Clinton he was denied adequate medical treatment for a serious gangrenous left leg condition which, he asserts, requires amputation in order to avoid the spread of infection to other parts of his body. *Id.* Plaintiff also complains of defendants' failure to provide him with adequate pain medication to cope with his leg condition. *Id.*

II. PROCEDURAL HISTORY

Plaintiff commenced this action on August 31, 2005. Dkt. No. 1. Named as defendants in plaintiff's complaint are a Mr. Lee, who is identified as a Ph.D.; Ms. M. Mitchel, who apparently is a registered nurse at Clinton; Dale Artus, the superintendent at the facility; and S. Jennett, who is or may be with the Department of Social Services.[2] *Id.*

---

[2] While S. Jennett is listed in the caption of plaintiff's complaint, he or she is

Issue was joined on September 28, 2006 by the defendants' filing of an answer, in which they generally deny plaintiff's allegations and assert various affirmative defenses.³ *See* Dkt. No. 28.

On July 16, 2007 defendants moved seeking the entry of judgment on the pleadings dismissing plaintiff's complaint pursuant to the three strikes provision of 28 U.S.C. § 1915(g).  Dkt. No. 40.  Plaintiff has not responded to defendants' motion, which is now ripe for determination and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).⁴,⁵  *See also* Fed. R. Civ. P. 72(b).

---

neither named in the portion of the complaint which identifies "parties to this action", nor referenced in the body of the complaint.  Complaint (Dkt. No. 1).

³   That answer was filed only on behalf of defendants Lee, Artus and Jennett, who have submitted the pending motion for judgment on the pleadings.  The summons as to defendant Mitchell apparently was returned as unexecuted, due to there being no individual at Clinton by that name, and to date defendant Mitchell has not appeared in the action.  This circumstance does not, however, serve as an impediment to revocation of plaintiff's IFP status and resulting conditional dismissal of the action.

⁴   A motion purporting to seek judgment on the pleadings in his favor was filed by the plaintiff on August 13, 2007.  Dkt. No. 42.  That motion was later stricken from the docket by order issued on August 13, 2007.  Dkt. No. 43.

⁵   Under the court's local rules, a party's failure to respond to a properly filed motion can be considered the functional equivalent of consent to the relief sought.  N.D.N.Y.L.R. 7.1(b)(3).  Before granting an unopposed motion, however, the court must make a threshold finding that the moving party has met his or her burden of

III.    DISCUSSION

   A.   Judgment on the Pleadings

Defendants' motion is brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which governs the entry of judgment on the pleadings.[6] When analyzing a Rule 12(c) motion, I must apply the same standard as that applicable to a motion under Rule 12(b)(6). *See, e.g.*, *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994); *Wynn v. Uhler*, 941 F. Supp. 28, 29 (N.D.N.Y. 1996) (Pooler, J.). Accordingly, I must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff as the non-moving party.

---

demonstrating entitlement to the relief requested. *Id.; see also McCall v. Pataki,* 232 F.3d 321, 322-23 (2d Cir. 2000) (holding that a plaintiff's failure to respond to a motion to dismiss in and of itself does not constitute the basis for dismissal of plaintiff's complaint for failure to state a claim for relief); *White v. Mitchell,* No. 99-CV-8519, 2001 WL 64756, at *1 n. 2 (E.D.N.Y. Jan. 18, 2001) (citing *McCall)*.

[6]    Rule 12(c) provides that:

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c).

5

*Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1722, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.).

The burden undertaken by a party requesting dismissal of a complaint under Rule 12(b)(6) is substantial; the question presented by such a motion is not whether the plaintiff is likely ultimately to prevail, "'but whether the claimant is entitled to offer evidence to support the claims.'" *Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (other quotations omitted)). When viewed in that light, the court may not dismiss the complaint unless the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim. *See Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).

    B.    <u>Three Strikes Provision Generally</u>

In their motion defendants invoke 28 U.S.C. § 1915(g), arguing that under that section plaintiff's litigation history, which includes at least three merit-based dismissals, warrants revocation of his IFP status. Section 1915(g), which was enacted as part of sweeping inmate litigation reform

6

brought about by adoption of the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), though engendering far less litigation than some of its PLRA counterparts including, notably, the exhaustion of remedies requirement of 42 U.S.C. § 1997e(a), provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The manifest intent of Congress enacting this "three strikes" provision was to curb prison inmate abuses and to deter the filing of multiple, frivolous civil rights suits by prison inmates. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007); *Gill v. Pidlypchak*, No. 02-CV-1460, 2006 WL 3751340, at *2 (N.D.N.Y. Dec. 19, 2006) (Scullin, S.J. & Treece, M.J.). The prophylactic effect envisioned under section 1915(g) is accomplished by requiring a prisoner who has had three previous strikes to engage in the same cost-benefit analysis that other civil litigants must make before deciding whether to commence suit, accompanied by the

7

filing of the full fee – that is, to assess whether the result to be achieved justifies the filing fee expenditure. *See Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006). As the Second Circuit has noted, in the context of PLRA amendments requiring inmates to authorize prison officials to make deductions from inmate accounts to be applied as partial payments of appellate filing fees for prisoners granted *in forma pauperis* status,

> [p]rior to the enactment of the *in forma pauperis* amendments, inmates suffered no economic disincentive to filing law suits. Indeed, the very nature of incarceration – prisoners have substantial free time on their hands, their basic living expenses are paid by the state and they are provided free of charge the essential resources needed to file actions and appeals, such as paper, pens, envelopes and legal materials – has fostered a "'nothing to lose and everything to gain'" environment which allows inmates discriminately to file suit at taxpayers' expense.

*Nicholas v. Tucker,* 114 F.3d 17, 20 (2d Cir. 1997), *cert. denied sub nom*., *Nicholas v. Miller*, 523 U.S. 1126, 118 S. Ct. 1812 (1998) (citations omitted); *see also Gill*, 2006 WL 3751340, at *2.

The question of whether the dismissal of a prior action qualifies as a strike, for purposes of section 1915(g), is a matter of statutory

interpretation, and as such a question for the court.[7] *Tafari*, 473 F.3d at 442-43. In determining whether a dismissal satisfies the failure to state a claim prong of the statute, implicated in this case, courts have drawn upon the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure for guidance, particularly in light of the similarity in phrasing utilized in the two provisions. *Tafari*, 473 F.3d at 442 (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)).

C.  Application of Section 1915(g)

While defendants have offered the specifics of previously dismissed actions in support of their section 1915(g) motion, persuasively demonstrating the existence of at least three prior "strikes", in this instance the court need not linger in addressing the issue. On April 21, 2004 – well before the filing of this suit – District Charles J. Siragusa, of the Western District of New York, issued an order in a similar action brought by the plaintiff in that court, finding that Nelson in fact had by that

---

[7] The Second Circuit has expressed its view that the time for determination of "strikes" is only when the section 1915(g) issue is ripe for adjudication, and that because of the potentially significant consequences flowing from such a finding, a court should not, when dismissing an inmate complaint, contemporaneously signal whether the dismissal should count as a "strike" for the purposes of that section. *DeLeon v. Doe,* 361 F.3d 93, 95 (2d Cir. 2004); *see also Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999) ("We . . . doubt whether the entry of a strike is properly considered at the time an action is dismissed.").

time already experienced three or more dismissals qualifying as "strikes" for purposes of section 1915(g). *See Nelson v. Conway,* No. 04-CV-6163 CJS(Fe) (W.D.N.Y. Apr. 21, 2004) (Defendants' Motion (Dkt. No. 40) Exh. B). That finding is entitled to preclusive effect in this action, *see Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002), thus eliminating defendants' need to independently establish the existence of three strikes for purposes of this action.

Since defendants have established the filing by plaintiff of at least three meritless civil rights complaints while confined as a New York State prison inmate, absent applicability of the imminent danger exception set out in the relevant statute, plaintiff is subject to the provisions of 28 U.S.C. § 1915(g), and may properly be required to prepay in full the applicable filing fee in order to pursue his claims notwithstanding that IFP status was previously conferred. *See McFadden v. Parpan,* 16 F. Supp. 2d 246, 247-48 (E.D.N.Y. 1998).

    C.    <u>Imminent Danger Exception</u>

As a safety valve, obviously intended to protect a prison inmate exposed to potential danger from the harsh consequences of his or her earlier folly, section 1915(g) provides that a prisoner who is in "imminent

10

danger of serious physical injury" may avoid application of the three strikes rule of section 1915(g). *See* 28 U.S.C. § 1915(g); *see also Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). This exception requires a showing that the prisoner was under such imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three strikes provision on the basis of past harm. *Malik*, 293 F.3d at 562-63. An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical. *Johnson v. Barney*, No. 04 Civ. 10204, 2005 WL 2173950, at *1-2 (S.D.N.Y. Sept. 6, 2005) (finding that inmate's allegation of danger at facility he was not housed at, but may pass through at infrequent occasions in the future, did not establish imminent danger).

The term "serious physical injury", as utilized in section 1915(g), is nowhere concretely defined, although it has been construed by various courts as including a "disease that could result in serious harm or even death[.]" *Ibrahim*, 463 F.3d at 7. In deciding whether to invoke the exception, a court must examine the available pleadings, construed in a

11

light most favorable to the plaintiff, to determine whether the plaintiff has alleged a serious physical injury. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). Conditions which have been held to rise to a sufficient threshold level include denial of treatment for infected gums, resulting in damages of infection, *McAlphin*, 281 F.3d at 710; denial of adequate treatment for Hepatitis C, a "chronic and potentially fatal disease," *Ibrahim*, 463 F.3d at 6-7; and heart palpitations, chest pains and labored breathing, *Ciarpaglini v. Saini*, 352 F.3d 328, 330-31 (7th Cir. 2003) (finding upon reaching the merits, however, that plaintiff's complaint did not state an Eighth Amendment claim).

Plaintiff's claims in this action stem chiefly from his frustration over the treatment of gangrene in his lower left leg – a condition which, according to him, has persisted for some eight years. Plaintiff also asserts that prison medical officials have failed to provide him with proper pain medication. This complaint is in the nature of a contention that plaintiff is not receiving proper medical treatment, in his opinion, for his leg injury; plaintiff does not appear to claim the lack of such treatment altogether.

The question of whether allegations of the nature now advanced by plaintiff Nelson meet the imminent danger exception under section

12

1915(g) was previously addressed *in Nelson v. Conway,* No. 04-CV-6005 CJS(Fe) (W.D.N.Y. Feb. 24, 2004) (Defendants' Motion (Dkt. No. 40) Exh. D), yet another civil rights action brought by him in the Western District of New York.  In his decision in that case, District Judge Siragusa noted that the claim being raised, to the effect that medical personnel at the Attica Correctional Facility were failing to provide plaintiff with adequate treatment for his left leg and that he was facing amputation, was not new but instead was similar to claims raised in previously filed actions and did not establish the existence of imminent danger.  Finding nothing in plaintiff's complaint in this action to distinguish the present circumstances from that case I likewise conclude, and therefore recommend a finding to the effect, that plaintiff has failed to demonstrate the existence of imminent danger of serious physical injury of the extent contemplated by Congress when enacting section 1915(g).

IV.     SUMMARY AND RECOMMENDATION

The record now before the court firmly establishes that at least three prior civil rights actions – and by all accounts a substantially greater number – brought by the plaintiff while a prison inmate have been dismissed on their merits for failure to state claims upon which relief may

be granted. The record also fails to reveal any basis to conclude that the plaintiff is in imminent danger of serious physical injury, and thus entitled to exemption from the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, particularly in light of the fact that the net result of these findings is not denial altogether of plaintiff's access to the courts, but instead only the requirement that he conclude that pursuit of his civil rights claims in this action justifies expenditure of the full applicable filing fee, it is hereby

RECOMMENDED that:

1) The order granting the plaintiff IFP status (Dkt. No. 7) be VACATED;

2) Defendants' motion for judgment on the pleadings dismissing plaintiff's complaint (Dkt. No. 40) be GRANTED as to all defendants and all claims unless Nelson pays the full required filing fee of $350.00 within thirty days after the entry of a final order by the district judge addressing this recommendation; and it is further

ORDERED that pending final determination with respect to this report and recommendation and, if approved, the payment by plaintiff of the required filing fee, all discovery in this action be and is hereby

STAYED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:    November 2, 2007
          Syracuse, NY

David E. Peebles
U.S. Magistrate Judge